IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv379

| | |
|---|---|
| BARBARA OATES, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AXA EQUITABLE LIFE ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> _____) | **MEMORANDUM AND RECOMMENDATION** |

Pending before the Court is the Motion to Dismiss [# 5]. Plaintiff brought this action asserting claims of negligent misrepresentation, breach of contract, and breach of fiduciary duty. In addition, the Complaint requests the entry of a declaratory judgment. All of the claims stem from the issuance of various life insurance policies by Defendant. Defendant now moves to dismiss the claims asserted against it in the Complaint. The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Motion to Dismiss [# 5].

I.  **Background**

Defendant AXA Equitable Life Insurance Company is a foreign life insurance company that sells and services life insurance policies. (Pls.' Compl. ¶¶ 3-4, ECF No. 1-1.) Plaintiff is a North Carolina resident who began purchasing

1

insurance policies from Defendant in 1968.  (Id. ¶¶ 2, 15.)

Prior to 1992, Plaintiff purchased a life insurance policy from Defendant in the face amount of $150,000.  (Id. ¶ 24.)   The insurance policy number was 43 313 957 (the "957 Policy").  (Id.)  Defendant's insurance agents told Plaintiff that the policy would be fully paid in 2008 and no further premiums would be required on the policy after 2008.  (Id.)  Plaintiff relied upon the advice and representations of Defendant's agents in deciding to purchase the 957 Policy.  (Id. ¶¶ 23, 25.)

Plaintiff purchased a second policy, insurance policy number 35 838 599 (the "599 Policy), in 1992.  (Id. ¶ 26.)  This second policy was for $253,000.  (Id.)  One of Defendant's agents explained to Plaintiff that they could use a redistribution of funds from the 599 Policy to pay the premium on the 957 Policy.  (Id. ¶ 27.)  The agent assured Plaintiff that she would not have to pay back the money being used from the 599 Policy.  (Id. ¶¶ 29, 36.)  The agents represented to Plaintiff that the 599 Policy would create enough income to pay the premium and cover the redistribution so that Plaintiff would not have to make further contributions.  (Id. ¶ 39.)  In addition, the agents represents to Plaintiff that in 2009 the two policies would be self-funding.  (Id. ¶¶ 40-41.)

The policies, however, did not become self-funding in 2009.  (Id. ¶ 42.)  Defendant continued making monthly premium payments after 2009 on the 957 Policy.  (Id ¶¶ 49-50.)  In 2013, Defendant informed Plaintiff that they would need

2

Case 1:16-cv-00379-DLH    Document 14    Filed 07/05/17    Page 2 of 10

to pay a substantial premium to keep the 957 Policy in force. (Id. ¶ 51.) Because Plaintiff could not afford the premium on the 957 Policy, the policy lapsed in late 2013. (Id. ¶ 52.) Plaintiff's spouse died in 2014. (Id. ¶ 60.) Plaintiff brought this action in 2016.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of

3

the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

**A. Negligent Misrepresentation**

A negligent misrepresentation claim is subject to a three year statute of limitations. N.C. Gen. Stat. § 1-52(5); Barger v. McCoy Hillard & Parks, 488 S.E.2d 215, 665-66 (N.C. 1997); Guyton v. FM Lending Servs., Inc., 681 S.E.2d 465, 470 (N.C. Ct. App. 2009). The claim accrues when the plaintiff suffers harm

4

as a result of the misrepresentation, and the plaintiff discovers the misrepresentation. Barger, 488 S.E.2d at 666; Guyton, 681 S.E.2d at 470-71.

Plaintiff alleges that Defendant's agents made misrepresentations regarding the fact that the 957 Policy would be fully paid for in 2008 and no additional premiums would be required by Plaintiff. In addition, Defendant's agents represented that both policies would be self-funding by 2009, and Plaintiff would not have to make any further contributions after that date. Plaintiff relied on these misrepresentations in purchasing the 957 Policy and the 599 Policy. Plaintiff purchased the 599 Policy in 1992 and the 957 Policy even earlier.

Plaintiff then discovered the misrepresentations no later than 2009 when she had to continue making monthly premium payments on the 957 Policy. Although Plaintiff contends that she was not harmed until the 957 Policy lapsed due to non-payment of the premiums in 2013, the lapse is simply the last injury she incurred. Plaintiff suffered her first injury in 1992 when she purchased the policy based on the misrepresentations of Defendant's agents, and Plaintiff suffered additional injuries in 2009 when she had to continue paying monthly premiums on the policy despite the prior representations by Defendant's agents that the policies would be self-funding by 2009. Because Plaintiff's negligent misrepresentation claim accrued no later than 2009, Plaintiff's claim is barred by the applicable statute of limitations. The Court **RECOMMENDS** that the District Court **GRANT** the

motion to Dismiss as to Count One.

### B. Breach of Fiduciary Duty

A claim for breach of fiduciary duty is generally subject to a three year limitations period. Trillium Ridge Condo. Ass'n, Inc. v. Trillium Links & Village, LLC, 764 S.E.2d 203, 219 (N.C. Ct. App. 2014); Marzec v. Nye, 690 S.E.2d 537, 541 (N.C. Ct. App. 2010); Toomer v. Branch Banking & Trust Co., 614 S.E.2d 328, 335 (N.C. Ct. App. 2005). If the allegations arise to the level of constructive fraud, however, the breach of fiduciary duty claim is subject to a ten year statute of limitations. Toomer, 614 S.E.2d at 335. "Generally, a claim for breach of fiduciary duty accrues when the right to bring the claim arises." Marzec, 690 S.E.2d at 541. Such claims accrue on the date that Plaintiff discovers the breach. Trillium Ridge Condo Ass'n, 764 S.E.2d at 219. Because Plaintiff does not allege constructive fraud, the breach of fiduciary duty claim is subject to the same three year limitations period as the negligent misrepresentation claim. And like Plaintiff's claim for negligent misrepresentation, Plaintiff's claim for breach of fiduciary duty is also barred by the applicable statute of limitations because the claim accrued, at the latest, in 2009 when Plaintiff learned of the alleged breach of fiduciary duty once the policies did not become self-funding, and Plaintiff continued making monthly premium payments on the policy. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to

Count Four.

**C. Breach of Contract**

To state a claim for breach of contract under North Carolina law, a Plaintiff must allege: (1) the existence of a valid contract between the parties; (2) that the defendant breached one or more terms of this contract; (3) facts constituting the breach; and (4) damages resulting from the breach. Claggett v. Wake Forest University, 486 S.E.2d 443, 446 (N.C.Ct.App.1997); see also Jackson v. Associated Scaffolders & Equip. Co., Inc., 568 S.E.2d 666, 669 (N.C. Ct. App. 2002); Morgan's Ferry Prod., LLC v. Rudd, 18 F. App'x 111, 112 (4th Cir. 2001) (unpublished).

The Complaint contains sufficient factual allegations to state a breach of contract claim. Plaintiff alleges that the 599 Policy constitutes a binding contract between the parties, Defendant breached that contract by failing to apply the interest to the policy amount, and that Plaintiff was damaged by this breach. Such allegations are sufficient to state a breach of contract claim against Defendant. See Claggett, 486 S.E.2d at 446. Finally, Defendants' reliance on Meineke Car Care Ctrs, Inc. v. RLB Holdings, LLC, No. 3:08cv240-RJC, 2009 WL 2461953 (W.D.N.C. Aug. 10, 2009) (Conrad, C.J.) (unpublished), is misplaced as that case involved whether a plaintiff met its burden of proving a breach of contract claim at summary judgment, not whether the Complaint satisfied the requisite pleading

7

standard. And while Plaintiff will ultimately have to establish the specific provision of the contract that Defendant breached to prevail on her claim, there is no requirement that the Complaint set forth allegations with such detail or specificity to survive a Rule 12(b)(6) motion. Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss as to Count three.

### D. Declaratory Judgment

Defendant contends that the declaratory judgment claim should be dismissed because it is duplicative of the breach of contract claim. The Court is unwilling to say at this preliminary stage of the case that such a claim is so duplicative of the breach of contract claim as to warrant dismissal at this time. Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss as to Count two.

### IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Motion to Dismiss [# 5]. The Court **RECOMMENDS** that the District Court **GRANT** the motion as to Counts One and Four and dismiss the negligent misrepresentation and breach of fiduciary duty claims. The Court **RECOMMENDS** that the District Court **DENY** the motion as to Counts Two and Three and allow the breach of contract and declaratory judgment claims to go

forward.

Signed: July 5, 2017

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge

9

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).